IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| BEATRIZ R. PINO-BETANCOURT, *et al.*, **Plaintiffs**, v. HOSPITAL PAVIA SANTURCE, **Defendant.** | **Civil No.** 11-1768 (FAB) |
| MARIA T. BETANCOURT, *et al.*, **Plaintiffs**, v. UNITED STATES OF AMERICA, **Defendant.** | **Civil No.** 12-1326 (FAB) |

**MEMORANDUM AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiffs Beatriz Pino-Betancourt, Debra M. Pino-Betancourt, and Maria T. Betancourt's unopposed motion to consolidate civil case numbers 11-1768 and 12-1326, (Civil No. 12-1326 at Docket No. 13; Civil No. 11-1768 at Docket No. 15). For the reasons discussed below, the Court **GRANTS** plaintiffs' motion, consolidates the cases, but **DISMISSES WITHOUT PREJUDICE** any survivorship claim that the plaintiffs may have pled in Civil No. 11-1768.

**I.    CONSOLIDATION**

Federal Rule of Civil Procedure 42(a) ("Rule 42(a)") provides, in pertinent part, that "[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions."  Rule 42(a) is designed to encourage consolidation where common questions of law or fact are present.  Courts have stressed that the purpose of joining actions is to promote convenience and judicial economy. See Arroyo v. Chardon, 90 F.R.D. 603, 605 (D.P.R. 1981); Midwest Community Council, Inc. v. Chicago Park District, 98 F.R.D. 491, 499 (N.D. Ill. 1983; Johnson v. Manhattan Railway Co., 289 U.S. 479, 496-497 (1973); Katz v. Realty Equities of New York, 521 F.2d 1354, 1358 (2d Cir. 1975); May v. United States, 515 F. Supp. 600, 603 (S.D. Ohio 1981)). Consolidation is appropriate if it will "promote the aims of all the parties [and] economize time and effort without circumscribing the opportunity for full litigation of all relevant claims," but it is inappropriate if it causes prejudice to a party. See Gonzalez-Quiles, 250 F.R.D. at 92.  "The decision whether to consolidate cases under Rule 42(a) is within the broad discretion of the trial court."  Gonzalez-Quiles, 250 F.R.D. at 93 (citing Stewart v. O'Neill, 225 F.Supp.2d 16, 20 (D.D.C. 2002)).  When deciding whether to exercise such discretion, "courts weigh considerations of convenience and economy against considerations of confusion and

Civil Nos. 11-1768 & 12-1326 (FAB)                                    3
_____

prejudice." Am. Postal Workers Union, 422 F.Supp.2d at 245; Chang v. United States, 217 F.R.D. 262, 265 (D.D.C. 2003).

   Consolidation of Civil Nos. 11-1768 and 12-1326 is appropriate because the cases meet the Rule 42(a) requirement of common issues of law or fact, and consolidation would both reduce the litigation costs to the parties and serve judicial economy.  The cases were filed by the family members of decedent Gerardo Pino and involve similar facts arising from a series of medical care visits by Mr. Pino to the San Juan Veterans Administration Hospital and Hospital Pavia Santurce in June and July 2009.  Similar claims in each case exist due to the alleged negligent or tortious acts of the defendants, their physicians, and medical staff which caused the death of Gerardo Pino.  Given the common issues of fact, consolidation will expedite discovery.  Accordingly, the Court **ORDERS** that civil case numbers 11-1768 (FAB) and 12-1326 (FAB) be consolidated.  The Court retains the power, however, to sever these cases at the trial stage if appropriate to avoid confusion of any issue.  Moreover, pursuant to Fed.R.Civ.P. 39(c)(2), the Court retains its discretion to order the jury in civil case number 12-1326 to act in an advisory capacity on the issue of plaintiffs' Federal Tort Claims Act claim.  See 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2335, at 361 n.20 (3rd ed. 2008).  From this date forward, all documents filed in this action must be filed under case number 11-1768.

**II.  SUBJECT MATTER JURISDICTION OF PLAINTIFFS' SURVIVORSHIP CLAIM**

The Court's analysis, however, does not stop there.  Despite consolidating the cases,[1] the Court finds that, to the extent that plaintiffs bring a survivorship claim in Civil No. 11-1768, it lacks subject matter jurisdiction over that cause of action. Subject matter jurisdiction in Civil No. 11-1768 rests on diversity of citizenship:  plaintiff Beatriz Pino-Betancourt, who claims citizenship in New York, and plaintiff Debra Pino-Betancourt, who claims citizenship in Massachusetts, are diverse from defendant Hospital Pavia Santurce, which is a citizen of Puerto Rico.  (Civil No. 11-1768 at Docket No. 1.)  From a reading of the complaint, and out of an abundance of caution, it appears that one of plaintiffs Beatriz and Debra Pino-Betancourt's causes of action is a survivorship claim[2] against defendant Hospital Pavia Santurce pursuant to article 1802 for "torts and negligent acts and

---

[1] Consolidation is a procedural device that does not alter the character of separate suits.  Gen. Contracting & Trading Co., LLC v. Interpole, Inc. 899 F.2d 109, 113 (1st Cir. 1990); see also Am. Postal Workers Union v. U.S. Postal Serv., 422 F.Supp.2d 240, 245 (D.D.C. 2006) ("[C]onsolidation does not merge the two suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another.").

[2] Surviving family members have a cause of action for "the personal action of the original victim of the accident for the damages that the same suffered." Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamon, 728 F.Supp.2d 14, 19 (D.P.R. 2010).  The Court interprets as a survivorship cause of action plaintiffs' claim that defendant Hospital Pavia Santurce is liable to them pursuant to article 1802 and 1803 for its acts and omissions which "directly caused and/or contributed to Mr. Pino's damages and demise . . . ." (Civil No. 11-1768 at Docket No. 1.)

Civil Nos. 11-1768 & 12-1326 (FAB)                                         5

omissions, which departed from the standards of medical care and treatment recognized as adequate by the medical profession . . . and directly caused and/or contributed to Mr. Pino's damages and demise . . . ."  (Civil No. 11-1768 at Docket No. 1.)

This Court has previously held that "**all heirs** of a 'sucesion' must be named as parties to a federal suit based on diversity jurisdiction."  Cruz-Gascot v. HIMA-San Pablo Hosp., 728 F.Supp.2d 14, 26 (D.P.R. 2008) (Besosa, J.) (emphasis added).  When a survivorship claim arising under article 1802 does not include all heirs of the estates, dismissal is warranted.  See Cruz-Gascot, 728 F.Supp.2d at 19-31 (holding that plaintiff's strategic dismissal of non-diverse parties, who were heirs to a survivorship claim pursuant to article 1802, destroyed the federal court's original subject matter jurisdiction).

In their August 5, 2011 complaint against defendant Hospital Pavia Santurce, only Beatriz and Debra Pino-Betancourt—Mr. Pino's daughters, and thus heirs to his estate—were named as plaintiffs. (See Civil No. 11-1768 at Docket No. 1.)  They alerted the Court, however, to the existence of a third member of Mr. Pino's estate —

Civil Nos. 11-1768 & 12-1326 (FAB)                                        6

Maria T. Betancourt, his widow[3] — through the filing of their May 10, 2012 complaint in Civil No. 12-1326.  (See Civil No. 12-1326 at Docket No. 1.)  As mentioned above, plaintiff Beatriz Pino-Betancourt is a New York citizen, and plaintiff Debra Pino-Betancourt is a Massachusetts citizen.  (Civil No. 11-1768 at Docket No. 1.)  Plaintiff Maria Betancourt, however, enjoys Puerto Rico citizenship.  (Civil No. 12-1326 at Docket No. 1.)  Because defendant Hospital Pavia Santurce is also a citizen of Puerto Rico, the parties would not be completely diverse if Maria Betancourt were joined as a plaintiff.

All heirs to an estate must be joined as parties to a survivorship lawsuit because "a 'sucesion' is not an entity distinct and separate from the persons composing it" and "does not have existence by itself as a juridical person or entity."  Id. at 19.  As discussed above, jurisdiction in Civil No. 11-1768 "is grounded in diversity of citizenship, and the absence of a non-diverse, indispensable party to the survivorship claim is not a mere procedural defect.  Rather, it destroys the district court's

---

[3] Pursuant to Puerto Rico law, a widow is an heir, because a surviving spouse is entitled to a hereditary portion of the deceased spouse's estate called the "usufructo viudal."  Delgado v. Bowen, 651 F. Supp. 1320, 1322 (D.P.R. 1987) (Fuste, J.); P.R. Laws Ann. tit. 31, §§ 2411-2416; see also Luce & Co. v. Cianchini, 76 P.R.R 155, 162 (1954) ("[T]he widow's usufructuary quota is the legal portion . . . which the law reserves for the surviving spouse, who is a forced heir."); Moreda v. Rosselli, 141 D.P.R. 674, 682 (1998) ("We have repeatedly held that the widow[er] spouse is a forced heir.").

Civil Nos. 11-1768 & 12-1326 (FAB)                                         7

original subject matter jurisdiction." Cruz-Gascot, 728 F.Supp.2d at 31.  Pursuant to Fed.R.Civ.P. 19, the Court finds that plaintiff Maria T. Betancourt is a necessary and indispensable party to a survivorship claim which may be pled in Civil No. 11-1768 because she is a member of Mr. Pino's "sucesion."  See id. at 26-31. Including her as a plaintiff, however, will destroy diversity jurisdiction. Accordingly, the Court must **DISMISS WITHOUT PREJUDICE** the survivorship claim which plaintiffs may have pled in Civil No. 11-1768.  Diversity jurisdiction does exist for each plaintiff's individual claim for their own pain and suffering due to Mr. Pino's death, however, and thus those claims survive.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, March 5, 2013.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE