IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARÍA T. BETANCOURT, et al.,

    Plaintiffs,

    v.

THE UNITED STATES OF AMERICA,

    Defendant.

CIVIL NO.: 12-1326 (MEL)

## OPINION AND ORDER

On July 24, 2014 Ester Pino Román, Wanda Pino Román, and Waleska Pino Román (collectively "intervening plaintiffs") filed an informative motion seeking to intervene in this case and stating that they are each the biological daughters of the deceased, Gerardo Pino. ECF No. 22. On August 12, 2014, intervening plaintiffs filed a motion to intervene pursuant to Fed. R. Civ. Pro. 24(a), which was denied without prejudice for failure to include a proposed intervention complaint. ECF Nos. 24; 25. On August 18, 2014, intervening plaintiffs filed a supplemental motion to intervene, including a proposed intervention complaint. ECF No. 26. The court then ordered the United States of American (the "government") to "state its position as to whether the administrative claim filed by the original plaintiffs to this case operates as the administrative claims for the intervening plaintiffs, or whether each intervening plaintiff must have presented his or her administrative claim. 28 U.S.C. section 2675(a)." ECF No. 27. The government filed its response on September 5, 2014 and intervening plaintiffs replied on September 11, 2014. ECF Nos. 28; 30. For the following reasons, the motion to intervene and supplemental motion to intervene are denied.

28 U.S.C. § 2675(a) states that "[a]n action shall not be instituted [pursuant to the Federal Tort Claims Act ("FTCA")] . . . unless the claimant shall first have presented the claim to the appropriate Federal agency . . . ." This requirement to exhaust administrative remedies prior to filing an FTCA claim in federal court is "a non-waivable jurisdictional requirement." Acosta v. United States Marshals Service, 445 F.3d 509, 513 (1st Cir. 2006) (citation omitted). In response to the court's order as to whether each plaintiff must exhaust administrative remedies individually the government cites to Santos' Estate v. United States, which considered whether exhaustion of administrative remedies by one member of a deceased's succession, the widow, suing on behalf of the deceased applied to exhaust the administrative remedies of other members of the succession, the deceased's son and daughter, for purposes of 28 U.S.C. § 2675(a). 525 F.Supp. 982, 986 (D.P.R. 1981). The court concluded that because the deceased's son and daughter "were adults at the moment their mother filed her administrative claim, they had to file their own individual claim in order to fulfil the jurisdictional requirement of 28 U.S.C. § 2675(a)." Id. The First Circuit Court of Appeals has endorsed the holding in Santos, stating that "each person seeking personal damages under the FTCA must file an individual claim, and that a claim must put the agency on notice of who was actually pursuing the claim and the amount of the claim." López-De Robinson v. United States, 114 F.3d 1169 (1st Cir. 1997). Based on the rules announced in these cases,[1] in order to properly exhaust administrative remedies intervening plaintiffs must present their own administrative claims regarding—that is, the administrative claims filed by plaintiffs María T. Betancourt, Debra M. Pino-Betancourt, and Beatriz R. Pino-Betancourt do not satisfy the exhaustion requirement with respect to the intervening plaintiffs. Because intervening plaintiffs have not exhausted administrative remedies

---

[1] In their reply to the government's opposition, intervening plaintiffs do not present a counterargument that these cases are inapplicable, but instead assert that their claims did not accrue until "recently" when they became aware of the specific details surrounding the death of their father. See ECF No. 30.

and the exhaustion requirement is a non-waivable prerequisite to filing this suit pursuant to the FTCA, the motion to intervene (ECF No. 24) and supplemental motion to intervene (ECF No. 26) are hereby denied.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 10th day of October, 2014.

s/Marcos E. López  
U.S. Magistrate Judge