IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARÍA T. BETANCOURT, et al.,

    Plaintiffs,

        v.                           CIVIL NO.: 12-1326 (MEL)

THE UNITED STATES OF AMERICA,

    Defendant.

**OPINION AND ORDER**

**I.    Factual and Procedural Background**

On May 10, 2012 Maria T. Betancourt, Debra M. Pino-Betancourt, and Beatriz Pino-Betancourt (collectively "plaintiffs") filed a complaint pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346 & 2671, *et seq,* against the United States of America (the "government") seeking to recover damages for negligence related to the medical treatment and death of Mr. Gerardo Pino (the "decedent") under Article 1802 and Article 1803 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31 §§ 5141-5142. ECF No. 1. Plaintiffs claim damages related to their personal pain and suffering and also bring an inherited cause of action for the pain and suffering of the decedent, known as a survivorship claim. Id. On August 12, 2014, Esther Pino Román, Wanda Pino Román, and Waleska Pino Román (collectively "intervening plaintiffs") filed a motion to intervene in this case, asserting that they are the children and heirs of the decedent and, as such, are indispensable parties. ECF Nos. 24; 26. On October 10, 2014, the court denied their request to intervene, finding that intervening plaintiffs had not exhausted administrative remedies as required by the FTCA. ECF No. 37. The government moved to dismiss plaintiffs' survivorship claim on October 31, 2014, arguing that it should be dismissed

for lack of indispensable parties, as all heirs to a decedent's estate are necessary for the adjudication of an inherited cause of action. ECF No. 43. Plaintiffs acknowledge that not all of the decedent's heirs are present in this case, but argue that the court should adopt the view that heirs to a decedent's estate are not indispensable parties to a survivorship claim under Puerto Rico law. ECF No. 45. For the following reasons, the government's motion to dismiss is granted.

**II. Discussion**

Pursuant to Fed. R. Civ. P. 19 ("Rule 19"), a necessary party is one: "(1) without whom the court cannot accord complete relief; or (2) who claims an interest relating to the subject of the action and is situated such that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest; or (3) whose claimed interest in the subject of the action would leave defendants subject to substantial risk of incurring multiple or otherwise inconsistent obligations." Cruz-Gascot v. HIMA-San Pablo Hosp. Bayamón, 728 F.Supp. 2d 14, 26-27 (D.P.R. 2010) (citing Fed. R. Civ. P. 19(a)). "If the court determines that someone is a necessary party under Rule 19(a) but one that cannot be feasibly joined, then the court proceeds under Rule 19(b) to determine 'whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" Id. (citing Fed. R. Civ. P. 19(b); In re Cambridge Biotech Corp.,186 F.3d 1356, 1372 (Fed. Cir. 1999)). By way of the second inquiry, "the court determines whether or not the party is 'indispensable.'" Id.

As the First Circuit Court of Appeals (the "First Circuit") noted in Cason v. Puerto Rico Elec. Power Auth., the issue of whether all heirs must be joined as parties asserting a survivorship action under Puerto Rico law has been addressed in this district on numerous occasions, and the judges of the U.S. District Court for the District of Puerto Rico "are squarely divided as to whether a non-diverse absent heir is a necessary and indispensable party under

[Rule 19]." No. 12-1354, 2014 WL 5573350, *3 (1st Cir. Nov. 4, 2014). As noted in Jiménez-Franceschini, the position that all heirs to a decedent's estate are not indispensable parties derives from the premise that any judgment in favor of one or more of the heirs benefits all other heirs to the estate, while any adverse judgment is only prejudicial to the individual or individuals who filed the lawsuit. Civ. No. 12-1504 (ADC), ECF No. 175, at 5 (D.P.R. February 11, 2014), report and recommendation adopted ECF No. 183 (citing, *inter alia*, Cintrón v. San Juan Gas, 79 F.Supp. 2d 16 (D.P.R. 1999) (Casellas, J.); Martínez-Álvarez v. Ryder Mem'l Hosp., Civ. No. 09-2038 (JP), 2010 WL 3431653, at *15 (D.P.R. Aug. 31, 2010) (Pieras, J.); Ruiz-Hance v. P.R. Aqueduct & Sewer Auth., 596 F.Supp. 2d 223, 229-30 (D.P.R. 2009) (Pérez-Giménez, J.); Arias-Rosado v. González-Tirado, 111 F.Supp. 2d 96, 99 (D.P.R. 2000) (Gierbolini, J.)). The contrary view focuses on "the unitary nature of the succession, which all of the heirs together represent . . . .," reasoning that the heirs to a succession are indispensable because "their interests could be prejudiced by the proceedings to which they were not parties." Id. (citing, *inter alia*, Cruz-Gascot, 728 F.Supp. 2d 14 (Besosa, J.); Pagán-Ortiz v. Carlo-Domínguez, 977 F.Supp. 2d 106 (D.P.R. 2013) (Gelpí, J.)); see also Reyes-Ortíz v. HIMA San Pablo-Bayamón, No. 11-1273 (PAD) (D.P.R. June 16, 2014) (Delgado-Hernández, J.); and Jiménez-Francesh ini, No. 12-1504 (ADC) (D.P.R. March 31, 2014) (Delgado-Colón, J.). For example, this view emphasizes that settlement of a state law claim may be prejudiced by an adverse judgment in federal court and that there is a risk that a defendant may face double liability for the same harm in state court and federal court. Cruz-Gascot, 728 F.Supp. at 28.

    The First Circuit has not decisively ruled on the matter, but has noted that it "harbor[s] considerable skepticism" as to whether heirs are indispensable parties to a survivorship claim under Rule 19. Jiménez v. Rodríguez-Págan, 597 F.3d 18, 23 (1st Cir. 2010); see also Cason, 2014 WL 5573350 at *3. The First Circuit cited to cases that held such heirs were not

3

indispensable parties, stating: "Taking these cases at face value, as the plaintiffs urge us to, it appears that the federal suit here is something of a free shot for the non-diverse heirs. Success inures to their benefit while failure is costless." Jiménez, 597 F.3d at 26. "However, the First Circuit was not entirely convinced that those cases represented the state of Puerto Rico law; to the contrary, the First Circuit decided that it was unprepared to decide that question, especially because it could decide the case on different grounds." Id. In concluding that it was "ill equipped" to rule on this matter of Puerto Rico law, the First Circuit noted the tension that would result if plaintiffs in a federal court action secured some monetary damages, but less than the full amount they sought, inquiring: "Does that constitute a successful judgment sufficient to bind the non-diverse heirs . . . or is it instead an adverse judgment that would leave those heirs free to double down in the second suit?" Jiménez, 597 F.3d at 27. Overall, far from deciding the matter in favor of the position that heirs in a survivorship action under Puerto Rico law are not indispensable parties within the meaning of Rule 19, the First Circuit in Jiménez acknowledged that it lacked a sufficient basis for resolving the matter at that time, identifying the bases for its uncertainty. Id. at 25-27.

In the absence of a binding resolution to the split of authority, this court finds the opinion that heirs are indispensable parties to a survivorship action to be more persuasive. The reasoning employed in Cruz-Gascot and the extensive discussion of the spilt of authority on this issue in Jiménez-Franceschini v. Bentley are incorporated by reference into this opinion and order. Specifically, the court agrees with the conclusions drawn in those cases that a lawsuit brought by only one or some of the heirs could prejudice the rights of others in the succession, rendering such parties necessary to the survivorship action. See Cruz-Gascot, 728 F.Supp. 2d at 24-25; Jiménez-Franceschini v. Bentley, 12-1504 (ADC), ECF No. 175, at 15.

A significant portion of cases in which heirs have been found to be necessary parties to a survivorship lawsuit have been dismissed on the basis that the joinder of the additional party would destroy complete diversity. See e.g, Reyes-Ortíz v. HIMA San Pablo-Bayamón, No. 11-1273 (PAD); Pagán-Ortiz, 977 F.Supp. 2d 106; Pino Betancourt v. Hosp. Pavia Santurce, 928 F.Supp. 2d 393, 396 (D.P.R. 2013); Cruz-Gascot, 728 F.Supp. 2d 14.  Since federal jurisdiction in this case is premised on the fact that the U.S. government is the defendant, rather than on diversity jurisdiction, whether the inclusion of intervening plaintiffs would destroy complete diversity is not relevant in this case. See ECF No. 1. However, as noted in the opinion and order entered on October 10, 2014, intervening plaintiffs have not exhausted administrative remedies with regard to the survivorship claim, and thus cannot be feasibly joined to the instant action at this time. Because of the risk of prejudice to intervening plaintiffs and / or to defendant if the inherited cause of action proceeds in this case, the government's motion to dismiss the inherited cause of action is granted.

### III.     Conclusion

For the foregoing reasons the government's motion for partial dismissal (ECF No. 43) is granted. Plaintiffs' inherited causes of action for the pain and suffering of the decedent are dismissed without prejudice and their causes of action for individual pain and suffering survive.

IT IS SO ORDERED

In San Juan, Puerto Rico, this 12th day of November, 2014.

s/Marcos E. López  
U.S. Magistrate Judge